UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Court File No. 14-304 (PJS/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AARON QUOC KHIEU, ) <br> ) <br> Defendant. ) | **AMENDED PROTECTIVE ORDER** |

The Court now enters the following Amended Protective Order ("Protective Order") in this case. This Protective Order is issued pursuant to the Stipulation of the parties and also 18 U.S.C. § 1835, "Orders to Preserve Confidentiality." Section 1835 reads, in relevant part, "[i]n any prosecution or other proceeding under this chapter [dealing with theft of trade secrets and other, related matters] the court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets . . . ." This Protective Order is intended to protect the confidentiality of the trade secrets at issue in this case, while allowing the defendant to fully defend himself against the allegations in the indictment.

1. An unredacted copy of the indictment in this case will be provided by the government to the defendant. This unredacted indictment will be stamped "SENSITIVE" by the United States before being given to the defendant.

2. Within five business days of the entry of this Protective Order, the United States shall file with the Court a redacted copy of the indictment suitable for

public disclosure, from which all alleged trade secret material has been removed.

3. During the investigation of this case by the Federal Bureau of Investigation three search warrants were issued by this Court and executed by law enforcement. Those warrants were in court file numbers 13-mj-437 (FLN); 13-mj-581 (JSM); and 13-mj-297 (JSM). In each of these file numbers the application for search warrant, including the agent's affidavit in support of the search warrant application; the search warrant issued by the Court; the inventory and return; and the petitions of the United States to seal those warrant materials, as well as any order(s) entered by this Court in response to the petitions of the United States, shall be sealed until the technology described in those materials have been patented.

4. The defendant's counsel will be provided with a copy of all search warrant materials described in paragraph 3. Those materials will be stamped "SENSITIVE" by the government before being turned over to the defendant.

5. The government shall make all disclosures required to be made in this case by the Constitution, statute, and the Federal Rules of Criminal Procedure.

6. Any disclosure containing trade secret, proprietary, or confidential information shall be stamped as "SENSITIVE" by the government before it is disclosed to the defendant and his counsel, or before copies are made for disclosure.

7. Sensitive material shall be used by the defendant and his counsel solely in connection with this criminal litigation and not for any other purpose.

8. Inadvertent failure by the government to stamp as "SENSITIVE" material which contains trade secrets, is confidential, or proprietary, may be remedied by subsequent written notice to the defendant's counsel. Material may be retroactively designated as "SENSITIVE" by such written notice, and shall be treated, from the time of receipt of such written notice onwards, as sensitive.

9. If the defendant contests the government's designation of any material as sensitive, the defendant may seek review by this Court of the government's designation decision. The defendant's decision not to contest a governmental claim that particular material is sensitive shall not be construed as an admission by the defendant that the material in fact in fact contains a trade secret.

10. Sensitive material may be reviewed by defendant and disclosed by defendant to the following categories of persons:

    a. Defendant's attorney, and any paralegal, secretary, legal assistant, or clerical personnel employed by the defendant's attorney;

    b. The Court, and persons employed by the Court, including court reporters or stenographers transcribing the testimony or argument at a hearing, trial, or other judicial proceeding;

    c. Any expert and any trial witness in this criminal litigation, and anyone working with or for an expert witness.

    With respect to persons covered under subsections (a) and (c) of this paragraph 10, disclosure of sensitive material may be made only after the person to whom disclosure is to be made has executed a

"Memorandum of Understanding" in the form attached to this order. Defendant must either serve on the government, or file with the Court, ex parte, under seal, the executed Memorandum of Understanding within a reasonable amount of time following disclosure.

11. Any court filing containing or describing material designated as sensitive must be filed under seal.

12. When not in use, all material designated as sensitive must be kept in a secure, locked place, inaccessible to persons who have not executed a Memorandum of Understanding which has either been served on the government or filed under seal with the Court, as the case may be.

13. If another court or an administrative agency subpoenas or orders production of sensitive material that defendant has obtained under the terms of this Protective Order, the defendant shall promptly notify the government.

14. Not later than sixty (60) days after the conclusion of this criminal litigation, or consequent appeal, whichever is later, counsel for the defendant shall assemble and shall return to the government all sensitive material disclosed under the terms of this Protective Order, as well as all copies.  Any extracts, charts, and demonstrative exhibits assembled out of such sensitive material which may otherwise be described as attorney work product, in whole or in part shall either be destroyed or filed under seal with the Court ex parte.

15. This Protective Order does not apply to the use of sensitive material at trial. The use of sensitive material at trial may be the subject of a further protective

order of this Court to preserve the confidentiality of the alleged trade secrets during trial.

16. In the event of a change in defendant's counsel, the contents of the file of the defense counsel who signed the Stipulation for a Protective Order in this case shall not be disclosed to any such successor defendant's counsel until successor defendant's counsel has executed a Stipulation and by doing so, agreed to be bound by this Protective Order.

17. Except as provided in paragraph 15, the provisions of this Protective Order shall, absent further order of this Court, continue to be binding throughout and after the litigation of this action, including any appeals.  The final resolution of this case shall not relieve any person who has received sensitive material from the obligations imposed by this Protective Order and this Court shall retain jurisdiction after the conclusion of this criminal litigation for the limited purposes of enforcing this Protective Order.

**IT IS SO ORDERED.**

Dated: October    20   , 2014           *s/ Tony N. Leung*
                                        The Hon. Tony N. Leung
                                        United States District Judge

                                        *United States v. Khieu*
                                        Case No. 14-cr-304 (PJS/TNL)

## MEMORANDUM OF UNDERSTANDING

1. I understand that I am to receive documents that the prosecution has designated as sensitive because the prosecution believes those documents contain information that is confidential, trade secret, or proprietary to Boston Scientific Corporation.

2. I agree that I shall never divulge, publish, or reveal, by word, conduct, or other means, such sensitive documents, or the information contained in them outside of this case unless specifically authorized in writing to do so by an authorized representative of the United States government, or by Order of this Court.

3. I understand these restrictions shall remain binding upon me even after the conclusion of the criminal litigation in *United States v. Aaron Quoc Khieu.*

4. I have received, read, and understood the Protective Order entered by the United States District Court for the District of Minnesota in this case, and if I had any questions about that Protective Order, they have been fully answered to my satisfaction. I agree to comply with the provisions of that Protective Order.

5. I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 2014.

_____

(Signature and printed name)